## GREVE VS. SCHWEITZER

PROMISSORY NOTE. (1, 2) *Payment in good faith to actual holder discharges the debt. Maker cannot recover money so paid on the ground that holder was not real owner.*

PRACTICE. (3) *Counterclaim, without reply; when not error to refuse judgment on.*

1. Where payments are made in good faith to the holder of a promissory note, payable to bearer, the maker's liability is discharged to the extent of such payments; and he cannot recover back the moneys so paid from the person to whom they were paid, on the ground that the latter was not the real owner of the note.

2. In an action on defendant's promissory note, the answer alleged, by way of counterclaim, that defendant made and delivered to plaintiff's father another note, running to K. or bearer, which was found in plaintiff's possession after his father's death; that defendant then gave plaintiff the note in suit to take up the K. note, and made certain payments upon the note sued upon, in the belief that plaintiff was the true owner of the K. note; but that after such payments were made he learned that plaintiff never owned the K. note, and that the creditors and legal representatives of plaintiff's father were and are the true owners thereof. *Held,* that the facts alleged do not show a valid counterclaim for the amount of such payments.

Greve vs. Schweitzer.

3. After a verdict and judgment for plaintiff for the unpaid balance of the note in suit, the court denied a motion by defendant for a judgment in his favor upon his said counterclaim, to which there was no reply. *Held*, that as no valid counterclaim was stated in the answer, there was no error in such denial, even if the verdict and judgment had not disposed of all the issues.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was originally prepared by Mr. Justice COLE, as a part of his opinion :

"This is an appeal from an order denying the motion of defendant for judgment on the counterclaim set up in his answer, which was not replied to. The only question presented on the appeal is, Does the counterclaim state facts sufficient to constitute a cause of action entitling the defendant to judgment upon it ?

"The material allegations in the counterclaim are, that the defendant, nearly twenty years ago, at the request of one Arnold H. Greve, and in consideration of a loan to him of $1,100, executed his promissory note for $1,000, which was made payable to one Keller or bearer, and delivered the same to said Greve ; that Greve died single and intestate in 1857, greatly involved in debt, leaving his father and several brothers surviving him ; that shortly after his death the note was found in the possession of the plaintiff, who represented himself as the owner thereof, and that it had been given to him by his deceased brother ; that the defendant, believing these representations to be true, was induced to take up and exchange that note for another of $1,000 payable to the plaintiff or order, which latter note was secured by a chattel mortgage ; that he has paid the plaintiff on the latter note various sums amounting to $625 ; that these payments were made in good faith ; that after such payments were made, he learned that the plaintiff was not the owner of the Keller note, and never received it as a gift from his brother, but obtained possession of it by undue and improper means ; that the creditors and legal representatives of Ar-

nold H. Greve were entitled to the note and its proceeds ; and that, as a consequence, the note and chattel mortgage given by the plaintiff in exchange therefor were without consideration and void. He claims, upon these facts, the right to recover of the plaintiff the moneys which he has paid him on account thereof, and that the complaint be dismissed."

*Cotzhausen, Sylvester & Scheiber*, for appellant, in support of the counterclaim, cited *Woodward v. Hill*, 6 Wis., 143 ; *Tollenson v. Gunderson*, 1 id., 113; *Lawton v. Howe*, 14 id., 241 ; *Terry v. Allis*, 16 id., 478; *Paul v. Kenosha*, 22 id., 266.

*Jenkins, Elliott & Winkler*, for respondent.

COLE, J. The matters alleged by defendant, as above stated, are insufficient to show a good counterclaim. The consideration for the note in suit was the note surrendered, which still remains in the possession of the defendant. It is very obvious, therefore, that there is no failure of consideration, and that the defendant cannot be relieved from the payment of the substituted note and mortgage upon any such ground. Besides, as is well remarked by the counsel for the plaintiff, the allegations in the answer, while they may show that a fraud was perpetrated by the plaintiff upon the creditors and legal representatives of Arnold H. Greve in obtaining the possession of the Keller note, still fail to show any fraud upon the defendant, and afford no reason why he should be permitted to recover back the money which he has already paid on his indebtedness. The Keller note was payable to bearer, and any arrangement which the defendant made for its extinguishment, or any payments which he has made in good faith upon the substituted paper, are protected in law, and valid. The plaintiff had the possession, and was presumably the lawful holder of the Keller note ; and the defendant had the right to deal with him upon that assumption. And he did discharge and extinguish that note by giving another note. Upon the latter note he has made payments in good faith, which he seeks to

recover back. In equity and good conscience he owed this money to some one, and the question is, Can he possibly be compelled to pay it again? We think not. He is protected in law, and even if the plaintiff was not the true owner of the Keller note, that will not deprive him of his rights in the transaction. For he has paid his note to the presumptive owner, the person producing it, and the party *prima facie* en-titled to receive payment thereof. The rule of law applicable to this question is clearly stated in Byles on Bills, in the following language:

"If a bill or note payable to bearer, either originally made so or become so by an indorsement in blank, be lost or stolen, we have seen that a *bona fide* holder may compel payment. Not only is the payment to a *bona fide* holder protected, but payment to the thief or finder himself will discharge the maker or acceptor, provided such payment were not made with knowledge or suspicion of the infirmity of the holder's title, or under circumstances which might reasonably awaken the suspicions of a prudent man." Ch. 15, p. 172.

In Story on Bills the doctrine is laid down in substantially the same language; and there can be no doubt of the rule upon the subject. Sections 415 and 416.

Now, within this rule, it is apparent that even if the plaintiff was a wrongful holder of the Keller note, yet the possession of it was presumptive evidence that he was the lawful owner; and any arrangement which the defendant entered into in good faith for its discharge, and any payments which he has made, are valid. It is quite immaterial whether these payments were made upon the original or substituted paper. In either case the payments will extinguish *pro tanto* his indebtedness, and he runs no risk of being compelled to pay it again, unless guilty of negligence, which is denied. Suppose the proceeds of the original note belong to the creditors or legal representatives of Arnold H. Greve: that does not concern him so long as he is under no obligation to respond to any one for moneys

already paid in discharge of his debt. In any view we see no ground for holding that the defendant, upon the facts alleged, is entitled to recover back the money paid the plaintiff. This disposes of all questions arising upon the merits of the counterclaim.

It is insisted that the motion of defendant for judgment on his counterclaim was not disposed of when the court rendered judgment on the verdict, and that this is such an error or irregularity as should reverse the order appealed from. Assuming that the objection is borne out by the record, still, upon the views expressed upon the merits of the counterclaim, the error could not have affected any substantial right of the defendant. The order, therefore, should not be reversed by reason of the error or irregularity complained of. Sec. 40, ch. 125, R. S.; 29 Wis., 502–510; *Bonnell v. Gray*, decided herewith.

*By the Court.* — The order of the circuit court is affirmed.