PAGE WOVEN WIRE FENCE CO. *v.* POOL.

NOTE IN POSSESSION OF DEFENDANT — PLEADING — SUING AS FOR LOST NOTE — PRODUCTION.

> The payee of a note sued the maker, declaring on the common counts, with notice that he would give the note in evidence. Defendant pleaded payment, and on the trial admitted that she had the note in her possession, but declined to produce it, though plaintiff had given her notice to do so.   The court refused to order the production of the note, and directed a verdict for defendant, on the ground that plaintiff should have sued as on a lost note, or have pleaded his claim as to the

manner in which it came into defendant's hands. *Held,* that, as one who knows where a note is may not sue as on a lost one, and as, whether the note was negotiable or otherwise, the sole issue was whether defendant had paid the note, the court's action was erroneous. *McKinney* v. *Hamilton's Estate,* 53 Mich. 497, distinguished.

Error to Montcalm; Davis, J. Submitted November 13, 1901. Decided December 3, 1901.

*Assumpsit* by the Page Woven Wire Fence Company against Phœbe M. Pool on a promissory note. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

Plaintiff brought an action of *assumpsit.* The declaration was upon the common counts, with notice attached that plaintiff would " give in evidence a certain promissory note, copy of which is given below." The note and indorsement read as follows:

"$200.

"GRAND RAPIDS, STATE OF MICHIGAN, Sept. 28, 1899.

"Ninety days after date, I, of Lakeview post-office, residing in the town of Cato, county of Montcalm, State of Michigan, for value received, promise to pay to the order of the Page Woven Wire Fence Co., or bearer, without default, two hundred dollars, payable at Lakeview Bank, with exchange and collection charges. Interest at seven per cent. per annum until paid.

"Residence 4½ miles S. E. Lakeview of post-office.

"PHŒBE M. POOL."

Indorsed as follows:

" E. E. Metcalf.

[Two two-cent revenue stamps, canceled.]

"Pay to the order of any bank for collection and remittance to Page Woven Wire Fence Co., Adrian, Mich."

Under plea of the general issue, defendant gave notice that she would give in evidence—

"That from and after the 27th day of December, A. D. 1899, said plaintiff did not hold any promissory note signed

and executed by defendant, and that on the 1st day of January, A. D. 1900, said plaintiff did not hold any such note, and that said plaintiff did not at the date of the commencement of this action, and does not at this date, hold any promissory note signed and executed by this defendant, and that defendant does not owe said plaintiff, on any note or otherwise, any sum of money whatever; that defendant has no knowledge of the promissory note copy of which is given in plaintiff's declaration, but defendant admits the execution of a promissory note identical in form to the copy set forth in said declaration, which said promissory note so given by defendant as aforesaid has been fully paid, and is now, and since the 27th day of December, A. D. 1899, at which time this defendant paid the same in full, has been, in defendant's possession, as receipt and evidence of the payment thereof; and that, if plaintiff now holds any note against defendant, it is only a copy or forgery, as the note paid by defendant, and now in her possession, is the identical note executed to plaintiff, and the only note executed and delivered by defendant to plaintiff."

To this was attached her affidavit setting forth the same facts.

In opening the case to the jury, counsel for plaintiff stated that, before the note became due, plaintiff forwarded it to a bank at Lakeview for collection, as its agent supposed; that in that letter the name of defendant was given as Philo M. Pool; that on the same day it wrote a letter to Philo M. Pool, stating that the note was sent to the bank for collection; that afterwards, discovering its mistake in the name, it wrote to the bank and defendant, correcting the mistake, and informing her that her note was in the bank for collection; that she called at the bank to see about the matter; that when it became due she did not call at the bank, and has never paid it; that the first time plaintiff's agent or attorneys saw the note afterwards it was in defendant's hands; that she has it now; that plaintiff never authorized any one to collect the note except the bank; and that plaintiff did not know how it came into her possession. Plaintiff had given defendant notice to produce the note. After the opening to

the jury, plaintiff's counsel asked defendant's counsel to produce it. Her counsel admitted that they had the note in court, but declined to produce it except upon the order of the court. The reason given by counsel was that plaintiff had given notice that it would give in evidence the note declared upon, that it had no such note in its possession, and that it had not sued upon a lost note or given indemnification. The court sustained defendant's contention, and directed a verdict for her.

*Robertson & Clark* and *L. C. Palmer*, for appellant.

*V. H. & H. H. Smith*, for appellee.

GRANT, J. (*after stating the facts*). The court said there were two theories upon which plaintiff might have proceeded: (1) That the note was lost; and (2) that, if it was not lost, the declaration ought to apprise defendant of the plaintiff's claim of the manner in which the note came into her hands. Before bringing suit plaintiff knew that defendant had the note in her possession. The payor of a promissory note cannot be subjected to a suit, and compelled to accept a bond of indemnity under the statute, when the payee knows where the note is, and has it in his power to produce it in court. It is not necessary to determine whether the note is negotiable or nonnegotiable. The suit is between the payee and the payor. No third person is interested. The note, which is only evidence of the debt, was in the possession of the payor, the defendant. The declaration does not allege that plaintiff is in possession of the note, but only that it will give it in evidence upon the trial. Plaintiff took the proper and legal steps to do so, and they resulted in the production of the note in court. The sole question for determination was, Had it been paid? Undoubtedly the possession of the note by the payor made a *prima facie* case of payment, and threw the burden upon the plaintiff to prove nonpayment. If defendant had not paid it to an authorized agent of plaintiff, the question would be, Was it paid by defendant to

some one under such circumstances that the law protects her in doing so? The court below based its decision on *McKinney* v. *Hamilton's Estate*, 53 Mich. 497 (19 N. W. 263). That case does not apply. The note there was in the possession of a third person claiming title to it, and having the usual marks of ownership. The holder of the note was not made a party litigant, and the estate might have been subjected to two suits, and to two judgments against it. It was held that the claimant must be prepared to produce the note in court upon the trial, so as to be properly marked and impounded. In the present case the note is in court, and under its control. All the parties interested are in court, and are parties to the suit. Plaintiff asserts ownership, nonpayment, and that the note did not come lawfully into the possession of the defendant. The declaration asserts ownership and nonpayment. The defendant in her plea asserts payment. The issue is clearly drawn by the pleadings, and both parties understood it. The ruling of the court was erroneous.

Reversed, and new trial ordered.

The other Justices concurred.