PAGE WOVEN WIRE FENCE CO. *v.* POOL.          133   323
                                                s139  706

1. BILLS AND NOTES—LOST INSTRUMENT—PAYMENT TO HOLDER AFTER NOTICE.

   Payment of a note by the maker after notice that the instrument has been lost, though the note be payable to bearer, does not extinguish the liability thereon, unless the person presenting it for payment be required, before payment, to prove his title thereto.

2. SAME—PRESUMPTIONS—BURDEN OF PROOF.

   The maker of a note was notified by the payee that it had been sent to a bank for collection.   She called at the bank, where the cashier told her that it had not been received, and had

probably been lost in transit. He nevertheless requested her to pay it, which she declined to do without its production. She subsequently claimed to have paid the note to one representing himself to be the agent of the payee. On the trial of an action on the note it was produced by the maker, at which time it bore the indorsement, "Pay to the order of any bank for collection and remittance" to the payee. *Held*, that the presumption of an authorized payment of the note, arising from its possession by the maker, was overcome, rendering it incumbent upon her to prove a payment under such circumstances as would discharge her from liability.

MOORE and GRANT, JJ., dissenting.

3. SAME—INDORSEMENT FOR COLLECTION—EFFECT.

The mere indorsement of a note to a bank for collection does not prevent the payee or his agent from demanding and receiving payment thereof.

Error to Montcalm; Wiest, J., presiding. Submitted February 17, 1903. (Docket No. 78.) Decided May 29, 1903.

*Assumpsit* by the Page Woven Wire Fence Company against Phœbe M. Pool on a promissory note. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Herbert R. Clark* and *L. C. Palmer*, for appellant.

*V. H. & H. H. Smith*, for appellee.

MOORE, J. On September 28, 1899, Phœbe M. Pool, of Montcalm county, Mich., gave to the Page Woven Wire Fence Company an instrument which reads as follows:

"$200.

"GRAND RAPIDS, STATE OF MICHIGAN, Sept. 28, 1899.

"Ninety days after date, I, of Lakeview post-office, residing in the town of Cato, county of Montcalm, State of Michigan, for value received, promise to pay to the order of the Page Woven Wire Fence Co., or bearer, without default, two hundred dollars, payable at Lakeview Bank, with exchange and collection charges. Interest at seven per cent. until paid.

"Residence, 4½ miles S. E. of Lakeview post-office.

"PHŒBE M. POOL."

About the 23d of November, 1899, a letter of transmittal for the same was written and addressed to the Farmers' & Merchants' Bank of Lakeview, Mich. At the same time a letter addressed to Mr. Philo M. Pool, Lakeview, Mich., was written, to notify the debtor that the obligation had been sent to the bank. It is claimed the Farmers' & Merchants' Bank of Lakeview did not receive the letter of November 23d, nor did it ever receive the note in question. The note was never seen by the plaintiff again until seen in the hands of the defendant. December 1st, eight days after the writing of the letter to Philo M. Pool, a letter was written by plaintiff, addressed to Phœbe M. Pool. This letter was received by her. Six days thereafter Mrs. Pool addressed a letter to E. E. Metcalf, the indorser of the note, at Grand Rapids, Mich., saying that the debt would be paid. Some time after November 23d, the Page Woven Wire Fence Company wrote to the Farmers' & Merchants' Bank of Lakeview, advising them that they had sent a collection against Mrs. Pool to the bank about the 23d of November. Upon receipt of this, Mr. Sorensen, for the bank, examined his files, and wrote the company he had no such collection, and had never had it.

Some time in December Mrs. Pool was in the bank, and talked with Mr. Sorensen about the note. He told her he thought it was lost, and requested her to pay it and take a receipt for it, which she refused to do, and stated she would not pay it until it was produced. Upon the 12th of January, 1900, the company wrote again to Mrs. Pool, asking her to pay the note, and suggested that it may have been lost. Upon receipt of this letter she wrote them she had paid it on the day it came due " to your man Lamb," at her home. Upon receipt of this letter, the company wrote Mrs. Pool on January 24th, expressing their surprise that the note had been presented to her, and asking for full particulars about the transaction. Upon March 21st the cashier of the company wrote Mrs. Pool he would call upon her about this matter, and shortly thereafter he did, when Mrs. Pool showed him the note in question, from

which her name had been torn off. He made a copy of it and took it away with him. She told him of the circumstances connected with the payment of the note, how much she had paid, where she got the money, that she borrowed part of it, and described the man Lamb, to whom she had paid it. She said she paid it about dusk the 27th of December in her home; that there was one man in the room when she paid it, and another outside, in the carriage.

It is to recover upon this note this suit was brought. After plaintiff put in its proof, a motion was made to direct a verdict for the defendant. The judge was of the opinion that the presumption surrounding the payment by the defendant because of her possession of the note had not been overcome, and directed a verdict in favor of the defendant. The case is brought here by writ of error.

It is conceded that the only question is whether the plaintiff introduced sufficient proof to shift the burden to the defendant to show she made payment under such circumstances as would protect her. It is conceded that possession of a promissory note by the maker is presumptive evidence of its payment, but it is said the presumption is not conclusive, and, as the maker of this note had notice of its loss before she paid it, she should have required the person presenting it to establish his title to it before paying it. It is also contended that the note is nonnegotiable, for two reasons: (a) Because of the words "with exchange and collection charges;" (b) because of the indorsement on the back, "Pay to the order of any bank for collection and remittance to Page Woven Wire Fence Company, Adrian, Michigan,"—and that the payment of it to a stranger was made at the peril of the payor.

The case of *Cothran* v. *Collins*, 29 How. Prac. 113, resembles this case in many ways. In that case it was said:

"These exceptions present the question whether payment of a note, which has been lost or stolen from the owner, by the maker to the finder or thief, without fraud, in other words, under the belief that he was the true

owner, but under circumstances showing that the maker was grossly negligent in not learning the facts, and which would have excited suspicion in an ordinary person, is available as a defense against the real owner.  The judge upon the trial held, and so instructed the jury, that such payment constituted a defense against the owner.  Such I understand to be the fair construction of the charge. The plaintiff insists as one ground why such payment is not good that it was made after the note became due. It is well settled that a party purchasing a note or bill after the same becomes due takes it subject to all defenses the maker or other parties would have against the party from whom he purchases.  But this doctrine, I think, has no application to payment made to a party in possession by the party liable.  The rule as to a purchaser is founded upon a presumption that valid notes or bills are paid by the parties liable thereon at the time they become due, and that nonpayment at that time is notice to all subsequently acquiring title to the paper that the same is for some reason invalid, or that there is no subsisting cause of action thereon.  But the maker of a note has no reason for supposing, from the fact that he has not paid the same when due, that the title of the possessor is invalid.  Indeed, notes are very rarely paid before due, and cases of presentment for payment before that time are still more rare. * * *

"We have seen that notes are not paid until or after due, usually, and there is surely as much reason that the party liable should be unembarrassed in making payment, and that he should be protected in paying to one in possession, and *prima facie* entitled to receive it, as that a purchaser in the usual course of business, for value, should be protected in his title.  Indeed, if any distinction should be made, I think the rule should be more favorable to the party making the payment.  He must act at once, not only to preserve his credit, but to protect himself from the trouble and expense of a suit, while the purchaser would merely lose a bargain."

See, also, *Davis* v. *Seeley*, 71 Mich. 209 (38 N. W. 901).

We do not deem it necessary to decide whether the paper given by Mrs. Pool to the plaintiff was a negotiable note or a contract.  It was made payable to the plaintiff or bearer, payable at the Lakeview Bank, with exchange and collection charges.  Mrs. Pool was notified it had been

sent to the bank. She was at the bank, and was there informed it had not been received by the bank, and was requested to pay it. She indicated her willingness to pay it, but declined to do so unless the note was produced. At the date of its maturity this paper, payable to bearer, was brought to the house by a man who claimed to be the agent of the company; and Mrs. Pool, if her statement to the cashier is to be believed (and there is no other version of what occurred), paid to this agent the full amount due upon the note, and it was delivered to her. We do not think this statement of facts tended to overcome the presumption of payment arising from the production of the note by Mrs. Pool. See *Page Woven Wire Fence Co.* v. *Pool*, 129 Mich. 57 (87 N. W. 1043); 3 Rand. Com. Pap. (2d Ed.) § 1475.

Judgment should be affirmed.

GRANT, J., concurred with MOORE, J.

MONTGOMERY, J. The facts are stated in the opinion of my Brother MOORE. It should be added that no evidence was offered on behalf of defendant, so that the question whether she paid the note in fact, and the circumstances under which she made payment, rest entirely upon her own unsworn statements made to the cashier of the company.

It is the contention of the defendant, as we understand it, that, having produced the note, the presumption of an authorized payment arises, and that, before this presumption can be overcome, the burden rests upon the plaintiff to show that the payment was actually made in bad faith. The case chiefly relied upon to sustain this contention is the case of *Cothran* v. *Collins*, 29 How. Prac. 113. The case is an extreme one, but, if followed, does not rule the present case. In that case there was no evidence that the defendant had any notice whatever that the note in question had been lost. The same thing is true of *Greve* v. *Schweitzer*, 36 Wis. 554. The present case presents a very different question. It is stated in the text-books as

elementary law that, where notice that an instrument has been lost or stolen has been brought home to the maker, payment thereafter made will not extinguish liability, unless the party presenting the instrument is required, before payment, to establish title thereto.    2 Daniel, Neg. Inst. § 1461; Byles, Bills, 378; 2 Pars. Notes & B. 256. See, also, *Hinckley* v. *Railroad Co.*, 129 Mass. 52 (37 Am. Rep. 297), which is a very instructive case, and the whole subject is discussed; *Bainbridge* v. *City of Louisville*, 83 Ky. 285 (4 Am. St. Rep. 153).

We are unable to see any good reason for denying the equity of this rule.   Where one of two innocent parties must suffer, the law casts the burden upon him who is guilty of a want of diligence or care.   And in case of a lost instrument it is difficult to see what more the owner of the bill may do than to bring home notice to the maker of the fact of such loss, thus bringing to his knowledge that the instrument is likely to be presented by one not entitled to receive payment thereon.   If, with such information, no duty of care is cast upon the maker, and nothing short of absolute *mala fides* will invalidate a payment made, the law affords little protection to the payee; and most emphatically is this so if, when knowledge of the loss is brought home to the maker, the bare possession of the note is sufficient to render recovery impossible, for such is the effect of declaring that actual *mala fides* must be shown.   In the present case it is true that no notice was received by the maker of the loss of the instrument, prior to the payment, direct from the payee of the note, but she had this notice.   Notice was sent her of the fact that the note had been mailed to the bank, and the cashier of the bank had informed her that the note had not been received at the bank, and that it probably was lost in transit; and, when the note was presented to her for payment, it had the indorsement on the back, "Pay to the order of any bank for collection and remittance to Page Woven Wire Fence Company."   Was this sufficient notice that the note had been lost?   We think it was.   The defendant

had notice of every fact which, if true, showed the loss, to wit, the mailing of the note to the bank, the failure of the bank to receive it, and, furthermore, the statement of the cashier of the bank to her that he thought the note was lost, and a request by him for payment without the production of the note. The defendant therefore occupies the position of one paying a note to one not authorized to receive it, having notice of its loss, and, so far as the record discloses, without any inquiry or investigation as to the title of the holder.

It is claimed that the indorsement of the note to a bank for collection was a restrictive indorsement, and that for this reason the defendant was not justified in making payment to this alleged agent of the plaintiff. We do not accept this view of the plaintiff. While the indorsement was a circumstance showing want of care on the part of the defendant, it is by no means conclusive, for it cannot be doubted that the payee of the note, notwithstanding that it bore the indorsement in question, would have the right to demand and receive payment. The record fails to disclose what care the defendant exercised in making payment to the holder, and, upon this record, we think it was error to instruct a verdict for the defendant.

Judgment will be reversed, and a new trial ordered.

HOOKER, C. J., and CARPENTER, J., concurred with MONTGOMERY, J.