PAGE WOVEN WIRE FENCE CO. *v.* POOL.

APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.

> The verdict, on conflicting evidence, of a properly instructed jury, is conclusive.

Error to Montcalm; Davis, J. Submitted April 12, 1905. (Docket No. 61.) Decided April 21, 1905.

Assumpsit by the Page Woven Wire Fence Company against Phœbe M. Pool on a promissory note. There was judgment for defendant, and plaintiff brings error. Affirmed.

*H. R. Clark* and *L. C. Palmer*, for appellant.

*V. H. & H. H. Smith*, for appellee.

OSTRANDER, J. This case has twice before been in this court. *Page Woven Wire Fence Co.* v. *Pool*, 129 Mich. 57, 133 Mich. 323. Upon each occasion a judgment for the defendant was reversed and a new trial ordered. Defendant has again recovered judgment. Upon the last trial, for the first time, evidence was given of the circumstances under which the note sued upon was paid by defendant. Upon the record eight errors are assigned, one of which relates to the admission of testimony, one to the refusal of the court to direct a verdict for the plaintiff, the others to the refusal of the court to charge as requested by the plaintiff and to the charge as given by the court. No one of these assignments is mentioned or referred to in the brief for appellant. The statement is made:

" Defendant has made her showing as to the circumstances under which she made payment, and the question before this court now is as to whether or not her showing as a matter of law is sufficient. In other words, Did she make such investigation as the law requires, she having notice of the loss of the note ? "

It appears that the circuit judge charged the jury that it was undisputed that the defendant was notified before the note became due that it was lost. But an examination of the record shows that, while plaintiff's witness testified that he told defendant the note was lost, she denies that fact, claiming that he told her no more than that the bank had not received the note, and that it had probably been miscarried, and would be received in a short time. Counsel for plaintiff requested the court to charge the jury:

"I charge you as a matter of law that Mrs. Pool, having had notice that the note was lost, was not justified in making payment to a stranger until she had made careful and thorough investigation, sufficient to satisfy her that the agent had the authority of the plaintiff company to collect the same."

This request the court gave. There was evidence from which the jury might have found that defendant did make careful and thorough investigation, sufficient to satisfy her that the person who presented the note had the authority of plaintiff company to collect it. Under the circumstances, we do not feel called upon to discuss, further than it has been discussed in the former opinions in this case, the question of the diligence required of the maker of a note, who pays it, after notice that it has been lost, to a stranger. The court, following the suggestion of counsel, assumed that defendant had notice that the note was lost, and in respect to that situation gave the jury the rule of law as to the investigation required proposed by counsel for the plaintiff.

The judgment is affirmed, with costs.

MOORE, C. J., and CARPENTER, McALVAY, and HOOKER, JJ., concurred.